UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>   Plaintiff,<br><br> v.<br><br>U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT<br>1300 Pennsylvania Avenue, NW<br>Washington, D.C. 20004<br><br>   Defendant. | Civil Case No. 1:25-cv-1076 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Agency for International Development ("USAID") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel USAID's compliance with FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical

1

conduct to all public servants. PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name.

5.  Defendant USAID is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). USAID has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6.  On February 7, 2023, PPT submitted a FOIA request to USAID requesting records related to Post Government Memos (herein referred to as "the Request" and attached as Exhibit A).

7.  The Request (Exhibit A) sought records from March 1, 2024, to when the search is conducted related to the:

    a. Records of offboarding documents found in the agency's ethics office for all political appointees who left their government position.

8.  The Request seeks documents in the public interest because it will help the public's understanding of the operations and activities at USAID and post government restrictions on future employment for USAID political appointees to determine USAID's compliance with its own mission and responsibilities.

9.  On February 7, 2023, USAID acknowledged receipt of the Request (Exhibit A) and assigned it Case Number F-00099-23 (attached as Exhibit B).

10. On February 7, 2023, USAID notified PPT that the Request was "Received" and "Assigned for Processing" (attached as Exhibit C).

11. As of the date of filing, PPT has not received any further communication regarding the records from Request A.

12. USAID has still not made any determinations with regard to PPT's FOIA Request despite over 765 days having elapsed. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). USAID has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determinations.

13. USAID has thus violated its FOIA obligations.

14. Because USAID has failed to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

24. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

25. PPT's USAID requests discussed above were properly submitted requests for records within the possession, custody, and control of USAID.

26. USAID is an agency subject to FOIA and, therefore, has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

27. USAID is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

28. USAID's failure to provide all non-exempt responsive records violates FOIA.

29. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring USAID to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests this Court:

A) Assume jurisdiction in this matter and maintain jurisdiction until USAID complies with the requirements of FOIA and any and all orders of this Court.

B) Order USAID to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

C) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

D) Grant PPT other such relief as the Court deems just and proper.

Dated: April 9, 2025            Respectfully submitted,

PROTECT THE PUBLIC'S TRUST

By Counsel:
/s/ Karin M. Sweigart

Karin Moore Sweigart
D.D.C. Bar ID: CA00145
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Telephone: 415-433-1700
KSweigart@Dhillonlaw.com

Jacob William Roth

4

D.D.C. Bar ID: 1673038
DHILLON LAW GROUP, INC.
1601 Forum Plaza, Suite 403
West Palm Beach, Florida 33401
Telephone: 561-227-4959
JRoth@Dhillonlaw.com

*Counsel for the Plaintiff*